IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 8:21-cv-01805-PX |
| SOLAR ELECTRIC TURBINE COMPANY, LLC, | * |
| Defendant. | * |

\*\*\*

## MEMORANDUM OPINION

Presently pending is a motion for default judgment filed by Plaintiff Trustees of the National Electrical Benefit Fund ("the Trustees"). Although Defendant Solar Electric Turbine Company, LLC ("Solar") was properly served, it has not answered or otherwise responded to the Complaint. No hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS the Trustees' motion.

I.  **BACKGROUND**[1]

This case arises under the Employment Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* The Trustees administer the National Electrical Benefit Fund ("NEBF"), which qualifies as "employee pension benefit plan" as defined in 29 U.S.C. § 1002(2)(A). Solar entered into collective bargaining agreements with its employees that require the company to make periodic contributions to the NEBF for the employee-members. *See* ECF No. 1 ¶¶ 5–7. Solar failed to make all such contributions to the NEBF. *Id.* ¶ 8–10. The delinquent payments total $3,045.81. ECF No. 9-2 at 39.

---

[1] The Court accepts all well-pleaded allegations as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

On July 21, 2021, the Trustees filed suit to recover the delinquent contributions and other damages circumscribed by the pertinent agreements, along with accrued interest, costs, and attorneys' fees. *See* ECF No. 1. On July 24, 2021, the Trustees served the Complaint on Solar (ECF No. 7), and next moved for entry of default and default judgment. ECF Nos. 8 & 9. On October 29, 2021, the Clerk entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 10. Thereafter, the Trustees moved for default judgment.

## II.    STANDARD OF REVIEW

Under Rule 55, the Court may enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Although courts maintain "a strong preference that . . . claims and defenses be disposed of on their merits," *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010), default judgment is proper when the "adversary process has been halted because of an essentially unresponsive party," *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *Ryan*, 253 F.3d at 780; *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Accordingly, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D.

Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If liability is established by the averred complaint facts, the Court next turns to damages. *See Ryan*, 253 F.3d at 780–81. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Damages in the default judgment context must be supported by extrinsic evidence introduced either at a hearing or by affidavit or other records. *See id.*; *see also Lawbaugh*, 359 F. Supp. 2d at 422.

### III.    ANALYSIS

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (employers who fail to timely make contributions are liable in a civil action for, among other things, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action). ERISA therefore "provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)). "[A] multiemployer plan can enforce, as written, the contribution requirements found in the controlling documents." *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's*

*Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997).

Taking the Trustees well-pleaded complaint facts, Solar breached the agreements by failing to make all employer contributions into the NEBF trust*, see* ECF No. 1 ¶¶ 4, 6–11, in violation of 29 U.S.C. § 1145.  *See* ECF No. 1 ¶ 11.  Liability, therefore, is established.

As to damages, the Trustees may recover: (1) the outstanding delinquent contributions; (2) liquidated damages; (3) interest at the rate provided in 29 U.S.C. § 1132(g); and (4) attorneys' fees and costs.  *See* 29 U.S.C. § 1132(g).  In support of its award, the Trustees submit the sworn declaration of NEBF's Contribution Compliance Manager, Brian Killian (ECF No. 9-2 at 1–4); Letter of Assent to the "inside labor agreement" (ECF No. 9-2 at 6); the "inside labor agreements" covering periods June 1, 2016 through May 31, 2019 and May 27, 2019 through May 31, 2022 (ECF No. 9-2 at 8–10, 12–15); the NEBF Trust Agreement (ECF No. 9-2 at 17–24); a redacted audit of Defendant's books and a revised audit (ECF No. 9-2 at 26–30, 32–36); and NEBF's delinquency report (ECF No. 9-2 at 38–39).  Regarding attorney's fees and costs, Plaintiff submits the affidavit of Jennifer Bush Hawkins ("Ms. Hawkins"), the attorney assigned to this case.  ECF No. 9-1 at 1–4.

The record evidence demonstrates that Solar owes $3,045.81 in outstanding contributions.  *See* ECF No. 9-2 at 39.  Additionally, Trustees are entitled under the agreements to 20% of the outstanding contributions as liquidated damages, here totaling $609.16.  *See* ECF No. 9-2 at 23.  The Trustees are further entitled to interest, "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."  29 U.S.C. § 1132(g)(2)(E).  The trust agreement expressly imposes on any outstanding contributions 10% interest per annum, totaling $719.79 to date.  *See* ECF No. 9-2 at 23 & 39; *see also* 29

U.S.C. § 1132(g)(2)(B).[2]

Last, the trust agreement requires Solar to pay all attorneys' fees, costs and expenses that Trustees had incurred in prosecuting this action. Trustees engaged an expert valuator for a total expense of $750, which shall be awarded. ECF No. 9-2 at 26, 28, 32, 34. As to attorneys' fees and costs, the Court considers the presumptively reasonable hourly rate set forth in Appendix B to this Court's Local Rules, and the reasonableness of the hours expended, taking into account: (1) the professional time and labor invested; (2) the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (3) the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; (4) the fee customarily charged in the locality for similar legal services; (5) the amount in controversy and the results obtained; (6) the time limitations imposed by the client or by the circumstances; (7) the nature and length of the professional relationship with the client; (8) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (9) whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009).

Lead counsel for Trustees, Ms. Jennifer Bush Hawkins, has practiced law since 1994 and charges an hourly rate of $379. ECF No. 9-1 at 2. Paralegal Caroline Lippie also worked on this matter at an hourly rate of $139.00. *Id.* These rates fall within the presumptively reasonable ranges established by this Court's Local Rules. *See* D. Md. Loc. R., App. B (providing a range of $300 to $475 per hour that attorneys admitted to the bar for 20 or more years, and a range of

---

[2] Although, with interest, the damages claimed exceed the amounts pleaded in the Complaint, the award is nonetheless proper. *See* Fed. R. Civ. P. 54(c); *see also Trs. of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-17-0449, 2017 WL 4898264, at *5 (D. Md. Oct. 27, 2017); *Trs. of Nat'l Automatic Sprinkler Indust. Welfare Fund v. First Responder Fire Prot. Corp.*, No. GJH-16-4000, 2017 WL 3475678, at *2 (D. Md. Aug. 11, 2017) ("Defendant is fairly regarded to be on notice of the subsequent increase due to the continuing obligations to make contributions to the Funds under the applicable collective bargaining agreements.").

$95 to $150 per hour for paralegals and law clerks). Further, the hours spent on this matter—0.9 for Ms. Hawkins and 3.4 for Ms. Lippie—are reasonable, and so $813.70 in fees and $552.00 in related costs shall be awarded. *Id.* at 3, 9.

### IV.   CONCLUSION

Plaintiff's motion for default judgment is GRANTED. Plaintiff is entitled to judgment in the amount of $6,490.46 for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs, plus additional contributions, liquidated damages, costs, interest, and reasonable attorneys' fees that became due from the date this action was filed and through the date of judgment.

A separate Order follows.

June 9, 2022
Date

/S/
Paula Xinis
United States District Judge